Mark K. Bowers
Plaintiff, pro se
215 S. Main St. #542
Porterville, CA. 93257
559-339-3013
mbowershme@yahoo.com

**FILED**

OCT 17 2023

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## FOR THE CALIFORNIA EASTERN DISTRICT COURT

### FRESNO DIVISION

**Mark K. Bowers**

     Plaintiff,

  v.

**CITY OF PORTERVILLE, PORTERVILLE POLICE DEPARTMENT,** (1-10, 22-25, 27,28, 32, 33, 35-38, 41-46,61-63,65, 69), and **JARID SKILES,** and in his individual capacity (1-15, 69), and **RICHARD STANDRIDGE,** and in his individual capacity (1, 15, 16, 22-25, 35, 69); **STATE OF CALIFORNIA, TULARE COUNTY DISTRICT ATTORNEY'S OFFICE PORTERVILLE BRANCH** (1,4-6, 15, 22-26, 39, 49,61, 69), and **ALEXANDER CHO,** and in his individual capacity,(1, 22-26, 69), and **JONATHAN JUANEZ,** and in his individual capacity (1-15, 49, 61, 69); **ARIANA LUNA;** (1, 3, 15-24,28, 29, 31-34, 36, 37, 40, 41, 43, 45-47, 51-61, 63-67, 69) **JESUS LUNA III** (1, 3, 15-18, 21, 22, 29-33, 36, 37, 40-42, 46-48, 51-61, 63-67, 69), **et.**

    Defendants.

**Case No.:** 1:23-CV-01483-ADA-SAB

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1. **42 U.S.C. § 1983 - Fourth Amendment**
2. **42 U.S.C. § 1983 - Fourteenth Amendment**
3. **42 U.S.C. § 1983 - Nineth Amendment**
4. **42 U.S.C. § 1983 - Third Amendment**
5. **42 U.S.C. § 1983 (Monell and Supervisor Liability)**
6. **Cal.Civ.Code § 52.1**
7. **Cal.Civ.Code § 51.7**
8. **Assault**
9. **Battery**
10. **False Arrest/Imprisonment**
11. **Invasion of Privacy**
12. **Negligence**
13. **Conspiracy**
14. **Deformation of Character**
15. **Erroneous Lawsuit**
16. **Online Stalking**
17. **Harassment**
18. **Intimidation**
19. **Coercion**
20. **Arbitrary Exercise of Government Power**
21. **Due Process and Equal Protection**

**AMOUNT PRAYED FOR: $5,000,000.00**

**COMPLAINT**, page 1 of 23

PLAINTIFF, appearing *pro se*, bring this COMPLAINT against Defendants and alleges as follows:

1.

**JURISDICTION:** This Court has original jurisdiction of the federal claim contained in this Complaint pursuant to 28 USC 1331. Jurisdiction is proper in this court because: At all times material to this complaint, Plaintiff was a resident of the City of Porterville, the City of Porterville is in the Fresno Division of the Eastern District Court of California. Defendants, the City of Porterville, is a governmental agency operating in the Fresno Division of the Eastern District of California, and has monetary and operational oversite of the Porterville Police Department, and Defendants, Porterville Police Department, is a governmental agency operating in and for the City of Porterville California, operating in the Fresno Division of the Eastern District of California, and Defendants Skiles and Standridge were police officer and lieutenant employed by the Porterville Police Department. The Tulare District Attorney's Office, Porterville Branch is a state of California governmental agency operating in the Fresno Division of the Eastern District of California, and Defendants Cho and Juanez were employed by the Tulare District Attorney's office Porterville Branch. Defendants Jesus Luna and Ariana Luna reside in The City of Porterville California, which is located within the Fresno Division of the Eastern District of California. The events giving rise to this Complaint occurred in the Fresno Division of the Eastern District of California.

2.

On or about October 14, 2021, I was parked on the street approximately 15 feet from the driveway where my truck is normally parked and where I resided for four years. My neighbor contacted the Porterville Police Department regarding an unknown white male in a white truck with a dog. Officer Skiles of the Porterville Police Department, approached my vehicle at

approximately 9:30 Pm.  He requested to provide my name, which I did not feel was necessary to

provide, he without my answering radioed to the Porterville Police Department my name.

3.

Officer Skiles indicated he was called out by my neighbor to perform a welfare check on me.  I

was irritated due to the fact that my neighbor previously contacted the Porterville Police to come

to my residence and have harassed me on several occasions initiated by my neighbor.

4.

At that time I was preparing for court hearings against my neighbor for harassment and had court

filed paperwork in my vehicle that required to be served on the neighbor. I asked Officer Skiles

to perform the service while he was there.  He refused and provided his opinion that the court

filed paperwork was illegal, that the Porterville Police Department does not provide that service

and that I would have to call at another time to request that service.  Office Skiles threw the

paperwork in my truck and walked away to end his call.  I expressed that he had to perform the

service, which was out of context with what I meant to say as Officer Skiles was not interested in

having a conversation with me that was initiated by me.

5.

Officer Skiles entered his vehicle.  I exited my vehicle and approached Officer Skiles vehicle to

speak to him.  Before I knew it he exited his vehicle providing me with his command to come to

his vehicle before I realized it he was right in my face, Officer Skiles tackled me pushing me into

his vehicle and head first onto the ground using excessive force.  Officer Skiles then was on my

back with his knee pressing in the lumbar region of my back with his full weight on me yelling

stop resisting arrest and was pulling my arms back so forcefully in a manner my arms would not

normally be able to be in position.  Officer Skiles then yanked me from the ground in my prone

position by only my elbow.  In was screaming in pain from the time Officer Skiles had tackled

me, was on my back pulling my arms and yanking me up.

**COMPLAINT**, page 3 of 23

6.

Officer Skiles indicated I was under arrest only at the time after he tackled me and was applying

handcuffs and forcefully pulling my arms behind me by stating "stop resisting arrest". I

indicated Officer Skiles had put the handcuffs on too tight however, he was unwilling to check

them or look at them as I requested. I inquired what I was being arrested for and Officer Skiles

indicated that I struck and assaulted him. At the scene Officer Skiles changed his reason for my

arrest a couple of times. Officer Skiles at best forgot what happened at the scene and in his

report as he indicated I assaulted him.

7.

I had severe pain in my back and leg from Officer Skiles excessive force, and I continued to

complain about the handcuffs being too tight. Officer Skiles indicated he would possibly look at

them at the time EMS were on scene but would not look at them until then.

8.

I requested a supervisor come to the scene. Porterville Police dispatched a Supervisor and upon

his arrival he obtained Officer Skiles version of what occurred. Two individuals from my

residence observed Officer Skiles excessive force, my caregiver, Jazmine Jackson and my son

Blaine Bowers. The version of what occurred from Jackson and Bowers was different then

Officer Skiles version and both were consistent with my version however, the Supervisor

indicated he had to believe his officer's version of what occurred.

9.

Officer Skiles made contact to a tow company to have my vehicle towed. I inquired as to why he

needed to tow my vehicle. Officer Skiles indicated the vehicle had Montana and California

license plates. I responded they do not. Then he changed the reason for the vehicle tow due to it

was not registered and was not registered since 2006. I responded it is registered. Then he

indicated he was having it towed for storage and security and because I was being arrested. My

adult son who possessed a current California driver's license was available to move the vehicle if

needed. No infraction occurred with the vehicle, I was not in control of the vehicle at the time of

arrest. My vehicle had nothing to do with my arrest and no unpaid tickets were unresolved or

pending at the time of the tow.

10.

Officer Skiles searched my vehicle, took the vehicles inventory, and completed a report on the

vehicle. I did not receive any forms or vehicle reports regarding my vehicle and it's towing. On

or about October 29, 2021, I was required to pay the Porterville Police Department $60.00 to

obtain a vehicle release. I paid a partial fee of $900.00 on or about October 28, 2021, to the State

of California, Department of Motor Vehicles to title the vehicle in my name, as both the tow

company and the Porterville Police were mistaken regarding state law, stating that only

registered owners could retrieve a vehicle from towing. I paid the towing company $1,239.00 on

or about October 29, 2021, and subsequently received $500.00 back from the tow company at a

later date, totaling, $1,639.00, to retrieve my vehicle from the illegal towing ordered by Skiles

from the Porterville Police Department.

11.

EMS arrived on scene and after another request regarding my handcuffs being too tight Office

Skiles loosened the handcuffs. EMS took my vitals and cleared me medically even though my

blood pressure was 199 over 140, which EMS felt was acceptable considering the situation.

12.

Officer Skiles transported me to the local hospital Sierra View Hospital after I refused a couple

times to be transported there. Officer Skiles never left my side at the hospital, and I was in severe

pain due to having to stand for hours, and sit in a chair with no back in the emergency room, even

though I expressed multiple times I did not want to be transported to the hospital and stated

multiple times I was refusing medical care. Office Skiles indicated the jail would not take me in

**COMPLAINT**, page 5 of 23

my current condition and I was required to have the blood removed from my body before the jail

would take me. Even though I continued to refuse medical treatment, both the hospital and Officer

Skiles required me to answer questions regarding my health insurance provider, my medical

history, and my family contact information, which violated my privacy and HIPPA laws. Officer

Skiles and I left the hospital without me receiving medical attention and without having the blood

cleaned off me.

13.

Officer Skiles transported me to the South County Detention Center in Porterville, California at

approximately 11 Pm and I was booked into the jail. They accepted me in my current condition.

I was put in a cell because I had to lay flat on my back due to the amount of pain I was experiencing

as the Correctional Officers indicated I was unable to lay down in the open area of the jail. I was

released from jail at approximately 2 Am the following day October 15, 2021.

14.

On October 16, 2021 I hand delivered my complaint to the Porterville Police Department which

stated I planned to file a lawsuit against the police department. On or about October 17, 2021, the

Porterville Police had marked and unmarked cruisers harass me, follow me and complete vehicle

maneuvers to intimidate me, and utilized rear window flashing lights as they improperly over took

my vehicle on the roadway, as I was driving home in my vehicle at approximately 10 Pm.

15.

Prior to the call to Porterville Police regarding the October 14, 2021 incident, my family and I

endured harassment from Jesus Luna, Ariana Luna, conspiring with the Porterville police

department, other neighbors, the Tulare District Attorney's office, and the City of Porterville. My

previous interactions with the Porterville Police were all bias in favor of my neighbor and either

initiated by myself due to the harassing dog barking of my neighbors, or by my neighbor's Jesus

Luna and Ariana Luna. During the time I resided at 1983 Union Ct. Porterville California, I

received constant harassment in the form of the Luna's dogs constant barking, shrieking and a year of a sheep baa'ing due to being tied up on concrete without cover. On May 15, 2020, the second night in a row the neighbor across the street had his small dog running at large and nipping at my son's feet, I had to ask the neighbor across the street to put his dog away or I would have them put away, I returned to my back yard to have the Luna's dogs barking through the fence viciously at me. I contacted the Porterville Police to make a complaint. Ariana Luna indicated to police they didn't want trouble with the neighbors and that she would do her best to keep her dogs inside and quiet. I had to call two additional times that night as the Luna's dogs were barking uncontrollably. Subsequent police reports state the opposite.

16.

The following day May 16, 2020, Animal Control visited my home for a signature of the dog barking citation and then visited the Luna's home and issued a citation due to excessive dog barking as the City of Porterville had in place an ordinance that stated it was unlawful for an owner of a dog to allow excessive barking or barking noise of any kind that disturbed the peace of others. Animal Control during their visit determined that neither myself nor the Lunas were in compliance, with the City of Porterville's ordinance for licensing dogs and the Animal Control employee and expressed to both the Lunas and I that neither party was in compliance with the dog license ordinance. I was requested by Animal Control to attend the hearing for the citation. At the hearing, Judge Wooten asked me to defend the citation and to provide proof of the barking dogs which I was unprepared to do, asked me why the police never hear the dogs barking and thus stated it was not uncommon for dogs to bark and dismissed the citation.

17.

On or about May 26, 2020, Ariana Luna filed for through the Superior Court of California, Tulare County, South County Branch, a Temporary Restraining order against me. as retaliation for me contacting the police regarding her excessive barking dogs, and Judge Johnson signed the

Temporary Restraining Order. The Temporary Restraining Order did not contain the elements required for a restraining order to be in effect, and the main reason Luna listed for the restraining order was me going across the street and telling the neighbor to put away his dogs that were running in the streets loose.

18.

On or about June 19, 2020, Ariana Luna and/or Jesus Luna conspired with a neighbor to have my tire slashed on my car. On or about June 9, 2020, at approximately 10 Am, the Lunas conspired with the Porterville Police Department stating they had a restraining order against me and I had a camera in my backyard that viewed their back yard. No such camera existed; however, I endured the Porterville Police harassment and a dissertation about privacy laws.

19.

On or about June 19, 2020, at approximately 9 Pm, I contacted the Porterville Police Department as I attempted to leave my residence in my vehicle however, my tire was sliced which rendered the vehicle undrivable. During my interaction with the initial responding officer, I was treated like a criminal and requested a supervisor, a supervisor arrived, and I requested a thorough investigation through the police department multiple times from all Porterville Police employees involved. The responding officer's report indicated there was a one inch cut in my tire and that I had hit an object in the road. This information at best was inaccurate. In the report it also stated that Ariana Luna had seen the police at my residence earlier in the day and, she noticed that my car was not present at the time, which was not true. All times in the report were incorrect. At a later date, I requested and paid for the full report from the Porterville Police Department but only received a partial report.

20.

On or about June 24, 2020, during the time Ariana Luna had a temporary restraining order in place against me, her daughter and her back out their driveway drive heading towards the deadend of

**COMPLAINT**, page 8 of 23

the street to turn around and harass us by recording with their cell phones pointing at us and laughing, at this time they were in fear of me.

21.

On or about July 1, 2020, Jesus Luna and/or Ariana Luna conspired with my leasing management company, Homes For Rent, and complained about the animals living at the residence, vehicles, and how that related to the lease in place which prompted Homes For Rent to violate the covenants of the lease by attempting to complete an inspection of the premises without notice. I received multiple Cure or Quit notices form Homes For Rent, and a Change in Tenancy Terms from Homes For Rent as a result. Lunas and Homes For Rent take pictures over the fence of the back yard invading my privacy.

22.

On or about July 9, 2020 I filed through the courts for a restraining order against Ariana Luna, Jesus Luna, and their then 18 year old daughter Aleska Luna. The same judge, Judge Johnson denied my request until the hearing and scheduled the hearing for July 28, 2020. On or about July 11, 2020, I had the Lunas served with the Restraining Order Request and the hearing date notice stamped by the courts. Ariana Luna conspired with the Porterville Police Department and spoke to Lt. Standridge, who after reviewing the paperwork Luna presented, determined I violated the law by Disobeying Court Orders. Lt. Standridge sent officers to my home that evening and they asked "what's going on" and harassing me. I stated I was walking my dog, as I knew nothing about the issue Luna presented to the police.

23.

On or about July 12, 2020, Ariana Luna conspired with Standridge Porterville Police department and police officers were sent to the house of the person who served the court papers on the Lunas to harass him. Ariana Luna also sent gang members to his residence to harass him.

24.

On or about July 14, 2020, 60 days post Restraining Order filing by Luna, Judge Johnson presided over the hearing. Luna stated in the hearing that I had the Lunas served with court filed papers and she was upset about me doing that. Judge Johnson stated I had every right to have papers served on the Lunas. I was successful defending the Luna's restraining order request and the judge dismissed the request/case as no harassment existed. Ariana Luna conspired with the Porterville Police Department and the Tulare District Attorney's office to have a case filed against me and continued to pursue the DAS's office until they filed a case against me, all of which violated my civil rights.

25.

On or about July 11, 2020, Lt. Standridge from Porterville Police Department forwarded the information of me Disobeying Court Orders to the Tulare County District Attorney's office Porterville Branch. On or about December 10, 2020, I received a letter from the DA's office stating they had filed a case against me for "Disobeying Court Orders". On December 23, 2020, I sent a letter to the Tulare County District Attorney's Office, Porterville Branch, copied Governor Newsom, and California's General Attorney, Xavier Becerra, explaining this was a planned harassment that the Lunas were pursuing, I was representing myself pro se, and that the law required certain events to occur for a case to be filed against me for this charge, that the law allowed me to have the Lunas served and to please check the facts in the case. I did not receive a response regarding my letter.

26.

I provided the Tulare County District Attorney's office information of the law that stated I was within my rights to have the papers served on the Lunas during pre-trial hearings, however the DA's office was unwilling to dismiss the case. I then retained a criminal legal law firm to represent me in the amount of $4,120.00 who stated the same information to the DA's office. The DA's office dismissed the case on or about July 14, 2021, approximately one year after the Lunas made

their complaint, violating the Fourteenth Amendment to the Constitution, Procedural Due Process,

denying me equal protection of the laws, and was subjected to the arbitrary exercise of government

power.

27.

On or about July 14, 2020, post Jesus Luna's testimony at the Temporary Restraining order Jesus

Luna committed deformation of character by shouting that we all used drugs and we were the scum

of the earth and vowed he would have us evicted from the property we leased outside of the

courtroom in front of the people waiting for court, other neighbors of mine and my son, Blaine

Bowers.

28.

On or about July 14, 2020, Ariana Luna and/or Jesus Luna, conspired with the Porterville Police

Department and returned home and begin to dismantle the fence located on the property I lease,

without me receiving notice. Porterville Police are contacted by myself and Ariana Luna. Police

state to Luna "ok sweetie we dispatched officers they are on the way." The response I receive

from Porterville Police Dispatch was quite different, such as why would you have a problem with

them taking down the fence, what is your issue, one officer upon arrival interrupted everyone

yelling at me "why did you hang up on me". Approximately 6 officers arrived from the Porterville

Police Department and stated after they look at a piece of paper, they have authorization for what

they are doing. I leave my residence and the police are smiling, laughing, and say have a nice day.

As I drive down the street, I notice Animal Control sitting in their vehicle within a mile of our

residence and upon returning home I receive a citation for my dog running at large due to the

removal of the fence and from a picture Ariana Luna has on her phone as she did not observe my

dog personally. The Lunas trespassed and invaded my privacy and harassed myself and family by

removing the fence and Ariana Luna and Aleska Luna video me from their phones in my back yard

for two days. I am without a fence for over 45 days as the Lunas start construction of a cement

block wall on their property and defame me by telling the neighbors that they needed to build the wall due to my harassment towards them and their dogs.

29.

From May 16, 2020 through September 2020, Ariana Luna and/or Jesus Luna conspire with other neighbors to assure that one of the neighbors are available to stare at me and my family as we come and go from the residence.

30.

On or about July 20, 2020 Jesus Luna conspires with Porterville City Building/Permitting Department and they make a visit at my residence about a 16' X 8' building in the back yard that is over limit by 2' without have a permit. I make arrangements with the department to remove the building.

31.

On or about July 28, 2020, I list the building for sale on Facebook Marketplace as it could be turned into a childrens' play house, a pool house or a Tiny House. Ariana Luna and/or Jesus Luna conspire with many people they know and set up a group on Facebook and I receive over 100 responses only about a Tiny house from the people the Lunas have directed to contact me.

32.

On or about August 27, 2020, Ariana Luna and/or Jesus Luna conspire with my leasing management company, Homes For Rent, Inc. and they tape a Notice of Inspection on my door at approximately 4Pm. On or about August 28, 2020, Homes For Rent, Inc visit my residence with the Porterville Police Department. They attempted to harass me by the officer stating, "property damage". After a discussion and I point out I didn't receive 24-hour notice as the lease requires, and that the only reason they were there was due to the Lunas, they all left the premises. Following this interaction, I contacted the then Lieutenant Castellow, and informed him again I'm being harassed by the Porterville Police Department. The following day I received a voicemail message

from the officer who accompanied Homes For Rent at my residence apologizing, stating he did not know the situation.

33.

On or about October 6, 2020, my neighbor across the street had blown his front yard that was only dirt for over an hour creating a considerable amount of dirt in the air. I thought it would be an appropriate time to mow aa couple of weeds in the front of the residence near the front sidewalk and made one pass with my riding mower. I then got my blower out and blew the small amount of yard clippings from my mower off the street. Ariana Luna conspired with the Porterville Police Department and complained I blew clippings at her and her family as they were eating dinner outside in their front yard. I told the responding officer to next time look at their security cameras and determine if I did anything wrong before coming to my residence next time. The officer returned after viewing the security tapes and said I did nothing wrong, but could see I said something to Luna. They continue to harass me.

34.

On or about October 6, 2020, approximately 45 minutes after the officer left, Ariana Luna sent a gang member to my house who threatened me and my family. He sought out my under age son who was by himself and threatened him.

35.

On or about October 15, 2020, I visited the Porterville Police Department and attempted to obtain paperwork to complete a written complaint and was denied unless I provided them with all the information. They sent Standridge out to talk with me. He said he wanted to have changes made to the officer's report who responded to the call about blowing the clippings and gang member calls. He stated to give him till Monday and the officer would come to our residence and interview my son. That did not occur and even though Standridge acted concerned did nothing more to investigate the visit of the gang member.

**COMPLAINT**, page 13 of 23

36.

From August 2020 to October 2020, I made at least 8 calls to the Porterville Police Department regarding the Lunas dogs barking at all hours of the day and night. Each time I was told the police would contact Animal Control. During my call to Porterville Police in October 2020, frustrated that the harassment continued, I was told that no contact was made to Animal Control and this time they sent Animal Control out and the Lunas received a citation.

37.

My citation for my dog at large I received on July 14, 2020 and the citation the Lunas received in October 2020 hearing was scheduled for the same day. The Lunas did not attend the hearing and Judge Wooten dismissed both cases, said something that the Animal Control Officer and I did not understand or could hear and we left the courtroom. After discussing with Animal Control we both decided to return to the courtroom and explain the situation to Judge Wooten, following that explanation, Judge Wooten stuck with his order and dismissed both cases. At the time Animal Control gave the Lunas the citation, Animal Control followed up regarding the Lunas dog licensure through the city and Luna commented that I did not have a license for my dog and the Animal Control employee said that I did have a license. At a later date, I inquired from the Animal Control employee if he could inform me if the Lunas had obtained a license for their dog and he told me he could not divulge that information to me. Animal Control employees are employed by the Porterville Police Department.

38.

I sent Lt. Castellow Porterville Police Department an email to clarify if the responding officers' regarding dog barking disturbances were required to personally observe the barking, as this was the excuse the officers provided most of the time. I never received communication from Lt. Castellow from this request.

39.

On or about October 17, 2020, I contact the Tulare District Attorney's office and ask if they had any plans to pursue the Lunas regarding sending gang members to my home to harass my family and I. The DA's office stated they potentially had a case against me and that it was currently under review by their attorney, and they could not speak to me. I asked the person on the phone if having court papers served on someone was more detrimental to society than the person sending gang members to my residence to harass me, and that person just laughed at me.

40.

August 2020, Jesus Luna and /or Ariana Luna purchases and installs security equipment that tracks my movement inside and out the home.

41.

On or about November 20, 2020, Ariana Luna and/or Jesus Luna conspire with other neighbors and the Porterville Police department to conduct full time surveillance on me. Some surveillance is conducted from a two story home on Mathew St from the second story for which the police could view my back yard. Other surveillance consisted of security camera tapes that were retrieved from neighbors weekly or bi-weekly. In November 2020, Porterville police send two males to canvas our street working undercover for the department.

42.

On or about November 23, 2020, Jesus Luna threatens me with physical violence.

43.

On or about January 2, 2021, Ariana conspires with the Porterville Police department, calling them to report a person with blue hair riding on the back of a 4-runner vehicle up and down the street and causing damage on the nearby riverbed. I was not home at the time, and an officer arrived and wanted to speak to the owner of the 4-runner as the description matched my care giver Jasmine Jackson. My family contacted me and I told my family just to tell the officer to leave the premises.

**COMPLAINT**, page 15 of 23

My son after the officer would not leave, went out and spoke to the officer. Nothing was resolved regarding the 4-runner however, I telephoned the Porterville Police department to inform them that this is harassment and the officer should leave. After an hour or so the officer left and I was angry with my son Blaine Bowers for speaking to the officer. My son was so upset he locked himself in his bedroom with a knife and told Jasmine he was going to kill himself. Concerned, Jasmine contacted the Porterville Police Department, and the same officer that responded to our residence earlier was the same who responded to Jackson's call. Upon arrival the officer indicated that Bowers was an adult and could do whatever he wanted, and he could not do anything about that, and he inquired who is the owner of the 4-runner? Jackson closed the door on the officer. I requested a police report from the Porterville Police Department for January 2, 2021, and no report existed regarding the 4-runner and the damage caused on the river-bed, only that the police were called regarding Bowers threatening to kill himself and the officer's response regarding Bowers.

44.

On or about March 7, 2021, I suffer a heart attack and am hospitalized.

45.

On or about March 13, 2021, Ariana Luna conspires with her daughter to make my vehicle inoperable as I try to speak to the other neighbor bordering my residence as a as a good will gesture. During that time I had my back towards my vehicle as Aleska Luna manipulates the 4 wheel drive feature on my vehicle so my vehicle does not move and pulls the hood latch. At the time I attempt to move my vehicle with my gooseneck trailer attached, Ariana Luna walks out from the house across the street to video tape me. The best angle to record from. Porterville Police are contacted to perform a welfare check on me, they respond and harass me.

46.

On or about May 20, 2021 Ariana Luna and/or Jesus Luna, and/or conspires with a company, installs asecurity camera to add to their existing security system. A camera that directly views into

**COMPLAINT**, page 16 of 23

my residence. I contacted the Porterville Police and the responding officer states he viewed Lunas

system and the camera only views part of the side yard of the residence and there is nothing he can

do.

47.

During 2021, Ariana Luna and/or Jesus Luna conspires to have a bearing on my recreational

vehicle damaged and it was damaged. They also conspire to have an epoxy put on the axle bearing

threads of my gooseneck trailer, which caused me five days' work to remove the epoxy and bearing

nut.

48.

On or about October 13, 2021, Jesus Luna stalks me online by bidding on a generator I listed for

sale and is the winning bidder for the item. After that point, he does not respond to my

communications for purchasing the generator, and holds the item so that it is not available for

anyone else to purchase.

49.

On or about Drecember 8, 2021, I received a letter stating the Tulare District Attorney's office

filed a case against me regarding the October 14, 2021, incident, initiated by the Lunas. for

148(A)(1), Delaying a police officer.   On May 23, 2021, I attended my first hearing before Judge

Sylvia Hanna and made a formal request for the DA's office to dismiss their charges against me

stating that the events did not occur as the officer stated in his report and that would be validated

within the evidence they possessed. The DA's office denied my request to dismiss the case and I

subsequently retained a criminal law firm to represent me at a cost of $4,800.00.  On or about

October 20, 2022, after several pre-trial hearings, the DA's office dismissed the case against me

as the evidence did not show what Officer Skyler from the Porterville Police Department indicated

in his report.  Again, the second time within a year, my Fourteenth Amendment rights to the

Constitution awarded to  were violated, Procedural Due Process, denying me equal protection of

the laws, and was subjected to the arbitrary exercise of government power.

50.

On or about June 22, 2022, I suffer a heart attack and was hospitalized.

51.

On or about July 7 2022, Ariana Luna and/or Jesus Luna, conspire with others to track my travel and stand on the sidewalk upon my arrival home to harass me.  When I return home in my recreational vehicle, I park in front of my residence so that I can properly unload and unpark the RV.  This required me to walk through Jesus Luna to get to my front door and endure his verbal harassment and he threatened, the Porterville police will be here shortly.

52.

On or about October 1 2021, Jesus Luna, Ariana Luna and their son sweep yard clippings in-front of my residence before I could get a chance to blow them, verbally attacked me, and stated that I will be gone soon and they don't like trash in their neighborhood.

53.

On or about May 14, 2021, Ariana Luna and/or Jesus Luna have their dog outside between approximately 3Am to 4Am barking non-stop.

54.

Between May 15, 2020 through September 22, 2022, Ariana Luna and Jesus Luna make comments, have voices that are only heard through our security camera system and are not heard being in person or upon being outside.

55.

Between May 15, 2020 through September 22, 2022, Ariana Luna and/or Jesus Luna conspire with other neighbors to have mechanical noises and rooster crowing noises play or to be heard when I'm outside and no such noises are present when I'm inside.

56.

On or about July 4, 2021, Ariana Luna and/or Jesus Luna conspire to have a person come to our residence to intimidate/harass me.

57.

On or about August 1, 2021 Ariana Luna and/or Jesus Luna have their dog outside barking for a long period of time at night.

58.

On or about September 6, 2021, and on or about September 7, 2021, Ariana Luna and/or Jesus Luna conspire wit the neighbors located at 1974 Union Ct. Porterville, Ca. 93257, to commit excessive dog barking and playing mechanical noises very loudly.

59.

On or about the month of September 2021 and through September 2022, Ariana Luna and/or Jesus Luna conspire with the neighbor behind us located at 1996 Monte Ct. Porterville, CA. 93257 to have and make his dog bark excessively. A recreational vehicle was established in that backyard that had view of our backyard, rear of our residence, and into the rear of our residence.

60.

On or about October 6, 2021, Arian Luna and/or Jesus Luna's dog is captured on our security camera on our property.

61.

Following the October 14, 2021, incident, the Porterville Police Department in October 2021, conducted an investigation of the incident for at least three days in the neighborhood of our residence. The report of the investigation was not provided to me in accordance with the Porterville Police Department's policy.

62.

During the years of 2020 and 2021, the Porterville Police have two elderly males conduct

surveillance on our residence.

63.

During the time of my residency at 1983 Union Ct. Porterville, CA. 93257, Ariana Luna and/or Jesus Luna conspire with Porterville code enforcement, Building and Permitting, and complain about a utility trailer that is parked outside, was in violation of the City of Porterville ordinances, however, Ariana Luna and/ or Jesus Luna have been in violation of the same violation of ordinances, along with the neighbor across the street from them, and beside me located at 1993 Union Ct. Porterville, CA. 93257, 1994 Union Ct. Porterville, CA. 93257, and 1974 Union Ct. Porterville, CA. 93257, respectfully, and without reporting to the Porterville Polic, or departments of the City of Porterville.

64.

Sometime during the year 2021, Ariana Luna and /or Jesus Luna conspire with a neighbor located behind where I reside and two houses east of my residence to install a motion detectable spot light that came on as I exited my rear door of the residence, that would illuminate in my eyes and in our backyard.

65.

On or about April 4, 2021, Ariana Luna and/or Jesus Luna conspire with Steven Martinez, located on Stanford Ave, Pixley, CA 93256, to communicate to them my travels and conspire with an individual to park their vehicle so that it is present on the main street of our development that can view only the Lunas residence and my residence, and has the motor running for hours at approximately 3 Am. I contacted the Porterville Police Department to report the suspicious person and was told by Porterville Police Department dispatch, that there was nothing suspicious regarding the vehicle and did not justify their interaction.

66.

As of the date of this filing and prior, Ariana Luna and/or Jesus Luna continue to track my

**COMPLAINT**, page 20 of 23

movement, and conspire with others to harass me, in Pixley California, and in Porterville California.

67.

During 2023, Ariana Luna and/or Jesus Luna tract my travel and conspire with an individual to impersonate management of Lowe's Home Improvement or management of the common grounds area of Lowe's Home Inprovement and demand I remove my recreational vehicle within 30 minutes, that there is no overnight parking in the Lowe's parking lot. The following day Arian Luna and/or Jesus Luna conspire with a resident near where I had legally parked my RV to visit with me friend near his residence, conspire to contact the Porterville Police Department to investigate a suspicious person. The Porterville Police department harassed me at my recreational vehicle legally parked on the street.

68.

I have not previously filed a Federal Lawsuit regarding these claims and allegations contained in Paragraphs 1 – 67.

69.

I have exhausted all Administrative Remedies for Relief against the City of Porterville, Porterville Police Department, and the Tulare County District Attorney's Office, Porterville Branch. I have attached copies of the grievances and respectfully request the Eastern District of California, Fresno Division permission and right to pursue a lawsuit for the allegations listed here within.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Unlawful seizure (excessive force): 4 th Amendment to the U.S. Constitution; 42 USC 1983)

(Violation of inalienable rights, right to privacy) 4th Amendment to the U.S. Constitution; 42 USC 1983)
   Violation of the Nineth Amendment of the United States Constitution,

**COMPLAINT**, page 21 of 23

Violation of the Fourteenth Amendment of the United States Constitution, Due Process and Equal Protection.

70.

Plaintiff re-alleges and incorporate Paragraphs 1 - 69 as if fully set forth here.

71.

As a direct result of Defendants' actions, Plaintiff has sustained the following damages:

Economic Damages in the amount of: $16,989.00 in lawyer fees, vehicle towing and loss of potential online sales due to online stalking.

Non-Economic Damages in the amount of: $4,983,011.00

Emotional pain, stress and suffering, social anxiety, severe back, neck and leg pain, headaches, embarrassment, loss of privacy, depression, anxiety disorders, post-traumatic stress disorder, family members emotional pain, stress and suffering, stress amongst family members, two heart attacks.

**PRAYER FOR RELIEF**

72.

WHEREFORE, Plaintiff requests the following relief:

-A money award judgment entered against Defendants for $5,000,000.00

-A money award for Plaintiff's costs and disbursements associated with bringing this action.

-A injunction relief against Ariana Luna and conspirators, Jesus Luna III. and conspirators, and the Porterville Police Department.

-Any and all other relief the Court deems just and reasonable under the circumstances.

Respectfully submitted on:  October 17, 2023

By: _____
     Mark K. Bowers

**City Clerk**
**City of Porterville**
**291 N. Main Street**
**Porterville, CA 93257**
**Telephone: 559-782-7464**
**FAX: 559-782-7452**

CITY OF PORTERVILLE
(seal)

RECEIVED
DEC 2 2022
CITY OF PORTERVILLE
CITY CLERK OFFICE

(Please Type or Print)

CLAIM AGAINST (Name of Entity): _____ CITY OF PORTERVILLE

Claimant's Name: _____ Mark K. Bowers                    Claimant's Telephone #: (559) 202-9572

SS#: 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 _____ DOB: 07/2/1960 _____ Gender: Male ___ X ___ Female _____

Claimant's address: 1983 Union Ct., Portsville CA 93257

Address where notices about claim are to be sent, if different from above: _____

_____ 215 S. Main St. #542, Porterville, CA 93257

Date of incident/accident: October 14, 2021

Date injuries, damages, or losses were discovered: October 14, 2021

Location of incident/accident: In front of 1994 Union Ct. One House from my residence.

What did entity or employee do to cause this loss, damage, or injury? Used excessive force taking me,

illegal arrest, illegal vehicle towing due to neighbor calling police.

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What are the names of the entity's employees who caused this injury, damage, or loss (if known)? _____

Officer Skiles #270

What specific injuries, damages, or losses did claimant receive? Head trauma back injury, arrested, DA

filed case. I retained a law firm to defend.  See Attached Letter for details.

(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate
court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a
"limited civil case" [see Government Code 910(f)] $100,000. I intend to file an unlimited action in the

California Superior Court System.

How was this amount calculated (please itemize)? All the time while wrongfully detained, legal cost to

defend myself, emotional distress, lost income, continued harrassment by neighbors.

(Use back of this form or separate sheet if necessary to answer this question in detail.)

11/14/2022
Date Signed: 12/2/22 _____ Signature: Mark K. Bowers   _Mark K. Bowers_

If signed by representative:
   Representative's Name _____ Address _____
   Telephone # _____ Relationship to Claimant _____

Mark Bowers
1983 Union Ct.
Porterville, CA 93257

RECEIVED

DEC 2 2022

CITY OF PORTERVILLE
CITY CLERK OFFICE

10/16/2021                                                                  HAND-DELIVERED

Porterville Police Department
350 N D St.
Porterville, CA 93257

Porterville Police Department,

This is to inform you that your department has issues regarding the inability to enforce city
ordinances by refusing to address violations of these ordinances and conveniently identifying
those issues presented are only handled by another department. For example, there is an
ongoing failure of your department to address excessive dog barking over a duration of several
years.

Your employees indicate that only Animal Control handle those issues during inactive hours of
operation, but no action is ever taken. There is a disconnect of communication with that
department. When residents are notified at the time a complaint is being filed, they are
informed the matter is under control, which infers they were not in violation of any ordinance.

This tort claim form is the City of Porterville form because I am informed your department does
not have an Internal Affairs department, and that issues are handled by various lieutenants of
the department. This claim includes allegations for the following:

- Use of excessive force without justifiable cause
- Physically and verbally harassing citizens
- Selectively enforcing laws based on the officer's desires
- False arrest
- Wrongful Search and Seizure Activity

I am requesting any material associated with this event be preserved and secured in its original
form.

Please also be informed I previously reached out to your agency in attempts to make you aware
of issues within your various departments. I believe your department conducted an internal
investigation, but I was never given a response. As such, my efforts to have these issues
addressed have so far been ignored.

Mark Bowers
Claimant

**GOVERNMENT CLAIM**

DGS ORIM 006 (Rev. 08/19)

## CLAIMANT INFORMATION

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| Bowertsw | Mark | K |

INMATE OR PATIENT IDENTIFICATION NUMBER (if applicable)

BUSINESS NAME(if applicable)

| TELEPHONE NUMBER | EMAIL ADDRESS |
|---|---|
| (559)339-3013 | mbowershme@yahoo.com |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 215 S. Mainn St. #542 | Porterville | CA | 93257 |

IS THE CLAIMANT UNDER 18 YEARS OF AGE?
☐ Yes  ☒ No

INSURED NAME(Insurance Company Subrogation)

IS THIS AN AMENDMENT TO A PREVIOUSLY EXISTING CLAIM?
☐ Yes  ☒ No

| EXISTING CLAIM NUMBER (if applicable) | EXISTING CLAIMANT NAME(if applicable) |
|---|---|
| | |

## ATTORNEY OR REPRESENTATIVE INFORMATION

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| | | |

| TELEPHONE NUMBER | EMAIL ADDRESS |
|---|---|
| | |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | | | |

## CLAIM INFORMATION

| STATE AGENCIES OR EMPLOYEES AGAINST WHOM THE CLAIM IS FILED | DATE OF INCIDENT |
|---|---|
| Tulare County District Attorney's Office, Porterville | Dec. 2022-Jan. 23, 2023 |

LATE CLAIM EXPLANATION (Required, if incident was more than six months ago)

| DOLLAR AMOUNT OF CLAIM | CIVIL CASE TYPE(Required, if amount is more than $10,000) |
|---|---|
| $2,000,000.00 | ☐ Limited ($25,000 or less)  ☒ Non-Limited (over $25,000) |

DOLLAR AMOUNT EXPLANATION
See Attached

INCIDENT LOCATION
Porterville, CA. 93257

SPECIFIC DAMAGE OR INJURY DESCRIPTION

See Attached

CIRCUMSTANCES THAT LED TO DAMAGE OR INJURY

See Attached

EXPLAIN WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE DAMAGE OR INJURY

# See Attached

# GOVERNMENT CLAIM

DGS ORIM 006 (Rev. 08/19)

## AUTOMOBILE CLAIM INFORMATION

| DOES THE CLAIM INVOLVE A STATE VEHICLE? | VEHICLE LICENSE NUMBER (if known) | STATE DRIVER NAME (if known) |
|---|---|---|
| ☐ Yes   ☒ No | | |
| HAS A CLAIM BEEN FILED WITH YOUR INSURANCE CARRIER? | INSURANCE CARRIER NAME | INSURANCE CLAIM NUMBER |
| ☐ Yes   ☒ No | | |
| HAVE YOU RECEIVED AN INSURANCE PAYMENT FOR THIS DAMAGE OR INJURY? | AMOUNT RECEIVED (if any) | AMOUNT OF DEDUCTIBLE (if any) |
| ☐ Yes   ☒ No | | |

## NOTICE AND SIGNATURE

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| SIGNATURE | PRINTED NAME | DATE |
|---|---|---|
| *Mark K. Bowers* (signature) | Mark K. Bowers | June 2, 2023 |

## INSTRUCTIONS

- Include a check or money order for $25, payable to the State of California.
  - $25 filing fee is not required for amendments to existing claims.
- Confirm all sections relating to this claim are complete and the form is signed.
- Attach copies of any documentation that supports your claim. Do not submit originals.

Mail the claim form and all attachments to:
Office of Risk and Insurance Management
Government Claims Program
P.O. Box 989052, MS414
West Sacramento, CA 95798-9052

Claim forms can also be delivered to:
Office of Risk and Insurance Management
Government Claims Program
707 3rd Street, 1st Floor
West Sacramento, CA 95605
1-800-955-0045

---

### Department of General Services Privacy Notice on Information Collection

This notice is provided pursuant to the Information Practices Act of 1977, California Civil Code Sections 1798.17 & 1798.24 and the Federal Privacy Act (Public Law 93-579).

The Department of General Services (DGS), Office of Risk and Insurance Management (ORIM), is requesting the information specified on this form pursuant to Government Code Section 905.2(c).

The principal purpose for requesting this data is to process claims against the state The information provided will/may be disclosed to a person, or to another agency where the transfer is necessary for the transferee-agency to perform its constitutional or statutory duties, and the use is compatible with a purpose for which the information was collected and the use or transfer is accounted for in accordance with California Civil Code Section 1798.25.

Individuals should not provide personal information that is not requested.

The submission of all information requested is mandatory unless otherwise noted. If you fail to provide the information requested to DGS, or if the information provided is deemed incomplete or unreadable, this may result in a delay in processing.

**Department Privacy Policy**
The information collected by DGS Is subject to the limitations in the Information Practices Act of 1977 and state policy (see State Administrative Manual 5310-5310.7). For more information on how we care for your personal information, please read the DGS Privacy Policy

**Access to Your Information**
ORIM is responsible for maintaining collected records and retaining them for 5 years. You have a right to access records containing personal information maintained by the state entity. To request access, contact:

**DGS ORIM**
**Public Records Officer**
707 3rd St., West Sacramento, CA 95605

(916) 376-5300

State of California
Government Claim
June 2, 2023
Mark Bowers

## "Dollar Amount Explanation"

1. After I was illegally arrested on October 14, 2021, I was ordered to attend court in Porterville, CA. The Tulare County District Attorney's office did not file a case against me nor were they present in court. I was directed to call their office which I did, and I was told by the office to continue to contact them every couple day to receive a status update, for which I did not complete.

2. In December 2022, the Tulare County District Attorney's office filed a case against me, and I was required to prepare for court.

3. During the Arraignment, presided by Judge Sylvia Hanna in Porterville, defending myself Pro Se, I provided the District Attorney's office with the opportunity to dismiss the case, and they emphatically declined.

4. I retained a law firm to represent me to defend against the criminal charges filed that cost approximately $5,000.00 (Five Thousand Dollars).

5. This payment crippled my ability to travel or visit with my family, and negatively affected my personal finances and my ability to pay living expenses.

6. The District Attorney's Office conspired with the Porterville Police Department and my direct neighbors with their actions.

7. This was the second frivolous lawsuit filed against me by the Tulare County District Attorney's office, initiated and pursued by both the Porterville Police Department and my direct neighbor without validity, and both dismissed upon preparing for trial within one or two years.

8. Several more times the District Attorney's office, through legal counsel, was requested to dismiss the case but denied.

9. The District Attorney's office offered a plea bargain to reduce the case to disturbing the peace, for which I denied.

10. The District Attorney's office in preparation to going to trial contacted my legal representation in December 2023, stating they would dismiss the case, as a different attorney's review of the evidence did not show what the officer described occurred at the time of arrest and contained in his written report. The officer at best forgot what occurred at the time of the incident and arrest.

11. The District Attorney's office either was aware of this information at the initial filing of the case or upon requesting to dismiss the case several times or did not care to review their evidence. They decided to continue to harass me and my family and conspire to control me financially, emotionally, and physically.

12. I have suffered a heart attack during this process and find myself emotionally scared, and having the second loss of personal finances, my time waisted to again be forced to defend

State of California
Government Claim
June 2, 2023
Mark Bowers

## **"Dollar Amount Explanation"**

12.Cont. myself against the State of California and have suffered severely as a direct result of the Tulare County District Attorney's office's actions.

13. After this case was dismissed, I contacted the Tulare County District Attorney's office, Porterville, requesting an investigation, and/or assistance with prosecution against the illegal arrest, illegal vehicle towing and storage, against the Porterville Police. I was told that the District Attorney's office only deals with the "agency", that being the Porterville Police Department, and that they would need to receive a report from the Porterville Police department to open a case, that I should contact my attorney, and that due to having a prior case against me, they could not discuss anything or assist me in any way. Additionally, I contacted the Tulare County District Attorney's office, Visalia, however, I received no assistance. I requested return calls from supervisors from both offices, however, I did not receive a return contact.

14. This amount is to assist with compensating me for the District Attorney's harassment, intimidation, physical and emotional pain, and suffering.

State of California
Government Claim
June 2, 2023
Mark Bowers

## "Specific Damage or Injury Description"

1.      Due to the actions of the Tulare County, Porterville branch District Attorney's office, filing a second frivolous lawsuit against me case # PCM421121. The District Attorney's office had no basis or criminal activity on my behalf to file a case, and denied my request to dismiss the case, deliberately and purposely continued the case with prejudice. As a result, I have suffered economic abuse, financial personal loss, emotional distress, social and physical pain and suffering, physical heart attack suffered June 2022.

2.      Upon defending this case Pro Se, I provided the District Attorney's office the opportunity to dismiss the case, for which they denied. I retained legal counsel in the amount of approximately $5,000 and several months later the case was dismissed.

3.      I suffered head trauma due to the officer tackling me and cuts and bruises from the officer's excessive force.

4.      Due to having to defend myself in a second frivolous lawsuit against the State of California, I have suffered a heart attack, and am emotionally and socially scared. Suffered financially due to the amount of money required to adequately defend myself and thus did not have the financial resources available for day to day living or for making a change in my life or to do the things I wanted to do, and the State of California held me captive financially.

5.      I received paperwork to report to court and the District Attorney's office did not attend nor was my name on the calendar or charges filed when they said they were, and I was requested to contact their office every couple days to obtain a status update.

6.      I was unable to travel or visit my children during the time the District Attorney had filed a case against me.

7.      The Tulare County District Attorney's office violated my Civil Rights.

State of California
Government Claim
June 2, 2023
Mark Bowers

## "Circumstances That Led to Damage and Injury"

1.        On October 14, 2021, I was sitting in my vehicle, I have been in possession of for over 3 years, 15 feet from where it is normally parked each day, at the residence I've resided at for 4 years with my dog which I have had for 13 years, parked on the street 15 feet from my house.  The neighbor contacted the Porterville Police regarding a suspicious person in a white pickup truck with a dog.  Officer Skyles made contact, and I did not feel the need to answer his questions, as I had not and was not committing a crime or even bothering anyone.  Upon the officer finishing his interrogation, I requested he serve the neighbor who was not more than 20 feet from me with court filed signed paperwork.  The same neighbor who has been harassing me for over 5 years and who initiated and conspired with the same District Attorney's office to file a frivolous case against me the previous year. The officer indicated my paperwork was not legal and refused to serve the papers throwing them in my vehicle and abruptly walked away.  I followed trying to get further information, was assaulted by the officer, tackled to the ground, and once on the ground received additional physical abuse and was requested to stop resisting arrest.  I was illegally taken to jail, my vehicle  illegally towed, and my HIPPA rights were violated.

2.        At best the office forgot what occurred at that time as the video tape clearly indicates I did not do any of the things the office indicated happened in its report.

State of California
Government Claim
June 2, 2023
Mark Bowers

## "Explanation of Why the State is Responsible for the Damage and Injury"

1.  The District Attorney's office had the Porterville Police Department's body camera as evidence which did not substantiate the claims of criminal behavior listed in the officer's report, however, they continued through conspiring to file a false and unsubstantiated case against me and continued the case only until legal representation was acquired on my part and until they were forced to trial and only then did they determine they had no case.  The District Attorney's office dismissed the case they personally filed, on January 23, 2023.