**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK K. BOWERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF PORTERVILLE, et al.,<br><br>　　　　Defendants. | Case No.  1:23-cv-01483-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT PREJUDICE<br><br>(ECF Nos. 1, 12)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.**

**INTRODUCTION**

Plaintiff Mark K. Bowers ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this action on October 17, 2023, against Defendants City of Porterville; Porterville Police Department ("PPD"); Officer Jarid Skiles; Lieutenant Richard Standridge; State of California, Tulare County District Attorney's Office Porterville Branch; Alexander Cho; Jonathan Juanez; Ariana Luna; and Jesus Luna III.  (ECF No. 1.)  A screening order issued on May 9, 2024, finding Plaintiff's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to comply with the applicable statutes of limitations.  (ECF No. 12.)  The Court provided Plaintiff with thirty days in which to file an amended complaint that cured the identified deficiencies.  In the May 9, 2024 order, Plaintiff was advised that if he failed to file an amended complaint, the Court would recommend that this action be dismissed for the reasons

stated in the order.  (<u>Id.</u> at 23.)  More than thirty days have passed, and Plaintiff has not filed an amended complaint or otherwise responded to the May 9, 2024 order.  For the following reasons, the Court shall recommend the action be dismissed without prejudice.

## II.

## SCREENING REQUIREMENT

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case at any time if the Court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); <u>see</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); <u>Calhoun v. Stahl</u>, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); <u>Barren v. Harrington</u>, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  <u>Iqbal</u>, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " <u>Id.</u> (quoting

Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Id.

### III.
### COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

#### A.     General Factual Allegations

Plaintiff alleges that during the period of time that he lived next door to the Lunas, he endured "constant harassment." (Compl. ¶ 15.) In summary, from May 2020 through 2023, Plaintiff alleges the Lunas "conspired" with unnamed neighbors, the PPD, the Porterville City Building/Permitting Department, the Tulare County District Attorney's Office, the City of Porterville, a leasing company, gang members, and other unnamed individuals to engage in allegedly harassing conduct, including: staring at Plaintiff and standing on the sidewalk when he arrives home (Compl. ¶¶ 29, 51); making dogs bark excessively (Compl. ¶¶ 15, 17, 36, 53, 57, 58, 59); playing mechanical noises while Plaintiff is outside (Compl. ¶¶ 55, 58); installing motion lights that shined in Plaintiff's backyard (Compl. ¶ 64); leaving a vehicle running on the street in view of Plaintiff's home (Compl. ¶ 65); complaining about a utility trailer outside Plaintiff's home (Compl. ¶ 63); impersonating Lowe's employees and telling Plaintiff he must move his RV because there is no overnight parking at the store (Compl. ¶ 67); complaining about Plaintiff mowing his lawn and blowing yard clippings (Compl. ¶ 33); sweeping yard clippings in front of Plaintiff's house (Compl. ¶ 52); tampering with Plaintiff's vehicles (Compl. ¶¶ 18, 19, 45, 47); recording Plaintiff with cell phones while pointing and laughing at him (Compl. ¶ 20); taking photographs of Plaintiff's backyard from the Lunas' yard (Compl. ¶ 21); filing a criminal case against Plaintiff for "Disobeying Court Orders" (Compl. ¶¶ 24, 25, 26); defaming Plaintiff (Compl. ¶¶ 27, 28); dismantling a fence located on the property that Plaintiff leased (Compl. ¶ 28); issuing citations to Plaintiff for his dog's lack of licensure, running large, and barking (Compl. ¶¶ 16, 28, 37); reporting structures on Plaintiff's property that are out of compliance

1  with City ordinances (Compl. ¶ 30); directing people on Facebook to contact Plaintiff about
2  items he lists for sale (Compl. ¶ 31); threatening and verbally harassing Plaintiff (Compl. ¶¶ 34,
3  42, 51, 52); sending an individual to Plaintiff's home to harass him (Compl. ¶ 56); surveilling
4  Plaintiff in person or by use of security cameras pointed into Plaintiff's home (Compl. ¶¶ 20, 21,
5  40, 41, 45, 46, 51, 62, 65, 66, 67); stalking Plaintiff online by purchasing a generator Plaintiff
6  listed for sale but not responding to communications about the purchase (Compl. ¶ 48); and
7  calling the PPD, who would respond and generally harass Plaintiff (see Compl. generally).

### B. October 14, 2021 Incident

On October 14, 2021, Plaintiff was sitting in his vehicle parked on the street near his driveway when Officer Skiles approached him. The Lunas allegedly contacted the PPD regarding both an unknown white male in a white truck and to perform a welfare check on Plaintiff. Plaintiff was irritated because of the previous instances where the Lunas contacted the PPD and officers would respond and harass Plaintiff. Officer Skiles requested Plaintiff's name, which Plaintiff refused to provide. (Compl. ¶¶ 2-3, 49.)

Plaintiff asked Officer Skiles to serve court documents on the Lunas. Officer Skiles refused, threw the paperwork in Plaintiff's truck, and walked toward his vehicle. Plaintiff told Officer Skiles he had to serve the documents, which Plaintiff alleges "was out of context with what [Plaintiff] meant to say." (Compl. ¶ 4.) Plaintiff exited his vehicle and approached Officer Skiles. Officer Skiles exited his vehicle, got in Plaintiff's face, and tackled him, which pushed Plaintiff into Officer Skiles' vehicle and headfirst onto the ground. Officer Skiles pressed his knee into Plaintiff's back, pulled Plaintiff's arms back in an abnormal position to apply handcuffs, yelled at Plaintiff to stop resisting, and told Plaintiff he was under arrest. Officer Skiles yanked Plaintiff from the ground by Plaintiff's elbow. Plaintiff complained that the handcuffs were too tight, but Officer Skiles did not check them until EMS arrived. Plaintiff was arrested for striking and assaulting Officer Skiles. (Compl. ¶¶ 5-7, 11.)

Although Plaintiff refused medical assistance, Officer Skiles transported Plaintiff to Sierra View Hospital before transporting Plaintiff to jail. The hospital and Officer Skiles required Plaintiff to answer questions regarding his health insurance provider, medical history,

1 and family contact information, which Plaintiff alleges violated his privacy. (Compl. ¶ 12.) Officer Skiles towed Plaintiff's vehicle because Plaintiff had been arrested. Officer Skiles searched Plaintiff's vehicle, took an inventory, and completed a report. Plaintiff alleges he had to pay $1,639.00 in October 2021 to retrieve his vehicle. (Compl. ¶ 10.) PPD also failed to provide the report to Plaintiff in violation with PPD's unspecified policy. (Compl. ¶ 61.)

On October 16, 2021, Plaintiff delivered a complaint stating he intended to sue PPD. On October 17, 2021, PPD vehicles harassed and followed Plaintiff. (Compl. ¶ 14.)

On December 8, 2021, Plaintiff was notified the DA's Office filed a case against him for violation of California Penal Code 148(A)(1). Plaintiff retained a defense attorney for $4,800.00. The case was dismissed on October 20, 2022. (Compl. ¶ 49.) Plaintiff alleges he has exhausted all administrative remedies available against the City, PPD, and the DA's Office. (Compl. ¶ 69.)

## IV.

## DISCUSSION

The Court recommends dismissal of this action for failure to comply with Federal Rule of Civil Procedure 8, failure to comply with applicable statutes of limitations, and failure to prosecute/obey a court order.

### A.     Federal Rule of Civil Procedure 8

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." Twombly, 550 U.S. at 555 & n.3 (citation and quotation marks omitted); see also Iqbal, 556 U.S. at 678 (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

Rule 8 requires "each averment of a pleading to be 'simple, concise, and direct.'" See McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996) (affirming dismissal of complaint that

was "argumentative, prolix, replete with redundancy, and largely irrelevant").  To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." Id. at 1178.  Further, "each claim founded on a separate transaction or occurrence ... must be stated in a separate count." Fed. R. Civ. P. 10(b); see also Hendrix v. Health & Soc. Servs. of Solano Cnty., No. 2:15-cv-02689-MCE-EFB PS, 2017 WL 4004168, at *5 (E.D. Cal. Sept. 12, 2017) (requiring "clear headings to delineate each claim alleged and against which defendant"), report and recommendation adopted, 2017 WL 4340166 (E.D. Cal. Sept. 29, 2017).

"Shotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." Hughey v. Camacho, No. 13-2665, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014); see also Harrell v. Hornbrook Cmty. Serv. Dist., No. 2:14-cv-01595-KJM-GGH, 2015 WL 5329779, at *10 (E.D. Cal. Sept. 10, 2015).  Thus, if the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. McHenry, 84 F.3d at 1178.  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." Id. at 1179.  Indeed, Rule 8(d)'s requirement that each averment of a pleading be " 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." Id.

Here, the complaint is a "shotgun" pleading.  It lists twenty-one causes of action in the caption, including federal constitutional violations, state law tort claims and various unclear claims, but fails to state which facts relate to which claim or how the facts support the elements of the legal claims raised.  Further, the complaint fails to allege which of the nine named Defendants are implicated for each of the twenty-one causes of action.  See Hughey, 2014 WL 5473184, at *4 ("Given the number of Defendants and the number of claims, Defendants cannot adequately prepare a defense without knowing which Defendant faces which allegations.").  Notably, two of the named Defendants—Alexander Cho and Jonathan Juanez—do not appear

anywhere in the factual allegations.  (See Compl. ¶¶ 2-69.)  It is unclear which factual allegations Plaintiff is attributing to each cause of action or against which Defendant Plaintiff is asserting each claims.  Because the complaint fails to comply with the requirements of Rule 8, the Court cannot determine that Plaintiff states a cognizable claim for relief.  The Court therefore recommends that the complaint be dismissed without prejudice.  See McHenry, 84 F.3d at 1179.

### B.  Statutes of Limitations

Plaintiff's shotgun factual allegations also appear to be barred by the applicable statutes of limitations.  Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening stage if it apparent from the face of the complaint that a plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue."  Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993).  In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  This applies to both statutory and equitable tolling.

Because section 1983 contains no specific statute of limitations, the statute of limitations for claims under 42 U.S.C. § 1983 is "the personal injury statute of limitations of the state which the cause of action arose."  Alameda Books, Inc. v. City of Los Angeles, 631 F.3d 1031, 1041 (9th Cir. 2011).  In California, personal injury claims must be filed within two years.  Id.

The cover of Plaintiff's complaint expressly lists five purported causes of action arising under section 1983 with alleged underlying constitutional violations that include the Third, Fourth, Ninth, and Fourteenth Amendments.  (Compl. at 1.)  Although unclear given Plaintiff's shotgun pleading, the primary alleged wrongful act by a person acting under color of state law appears to stem from the October 14, 2021 incident involving PPD Officer Skiles.  However, Plaintiff filed the complaint in this action on October 17, 2023, more than two years after the date of incident.  Despite being afforded the opportunity to clarify the underlying wrongful act or otherwise allege the constitutional violations stemming from the October 14, 2021 incident are not time-barred or that the limitations period should be equitably tolled, Plaintiff failed to amend his complaint.

Although unclear, the cover of Plaintiff's complaint lists state law claims against unspecified Defendants—each being a California resident or entity—including assault, battery, false arrest/imprisonment, the Bane Civil Rights Act, invasion of privacy, negligence, and defamation. (Compl. at 1.) However, Plaintiff's state law claims also appear to be time-barred. (See ECF No. 12 at 18-22.) Accordingly, the Court recommends Plaintiff's complaint be dismissed without prejudice for failure to comply with the applicable statutes of limitations.

### C. Failure to Prosecute/Comply with a Court Order

Additionally, the Court recommends dismissing this action due to Plaintiff's failure to comply with a Court order and failure to prosecute. Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action. Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do; they are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine, 460 F.3d at 1226.

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file an amended complaint to cure the deficiencies that were identified in his complaint within thirty days of May 9, 2024. (ECF No. 12 at 23.) Plaintiff has been provided with the legal standards that would apply to the discernible claims listed on the cover of his complaint and the opportunity to file an amended complaint. Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently, there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the May 9, 2024 order. This action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's May 9, 2024 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended

complaint in compliance with this order, the Court will recommend to a District Judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 12 at 23.) Thus, Plaintiff had adequate warning that dismissal of this action would result from his noncompliance with the Court's order. The Court therefore recommends that this action be dismissed for failure to obey a Court order and failure to prosecute.

**V.**

**CONCLUSION AND RECOMMENDATION**

For the reasons discussed, the Court finds that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and the applicable statutes of limitations. In its May 9, 2024 screening order, the Court provided Plaintiff an opportunity to amend his complaint to cure the identified pleading deficiencies. The Court also provided, in length, applicable statutes of limitations and legal standards to support the discernible federal and state law causes of action listed on the cover of Plaintiff's complaint. Plaintiff's failure to file an amended complaint, despite being ordered to do so, demonstrates an inability or unwillingness to cure the identified pleading defects. In considering the factors to determine if this action should be dismissed, Plaintiff's failure to comply indicates that he does not intend to diligently litigate this action. The factors weigh in favor of dismissing this action for failure to prosecute and failure to comply with a court order.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for Plaintiff's failure to comply with Federal Rule of Civil Procedure 8, failure to comply with the applicable statutes of limitations, and failure to prosecute/comply with a court order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §

636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 2, 2024**

UNITED STATES MAGISTRATE JUDGE